IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-00298-01-CR-W-ODS |
| MARIA EUGENIA MEDINA MILGROM, a/k/a MARIA EUGENIA MEDINA, a/k/a GENIE MEDINA, | ) |
| Defendant. | ) |

PLEA AGREEMENT

The United States, by and through Todd P. Graves, United States Attorney for the Western District of Missouri, and Phillip Eugene Porter, Senior Litigation Counsel for said District, and the defendant, Maria Eugenia Medina Milgrom, a/k/a Maria Eugenia Medina, a/k/a Genie Medina (hereafter defendant), and by and through her counsel, Jeffrey H. Fink, enter into the following Plea Agreement pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure:

1.  <u>Defendant's Guilty Plea</u>. Defendant agrees to and hereby does waive her right to Indictment and plead guilty to a single count Information charging her with conspiracy to sell counterfeit and illegally imported drugs and defraud the United States, in violation of 18 U.S.C. § 371. By entering into this Plea Agreement,

the defendant admits that she knowingly committed this offense, and is in fact guilty of this offense.

2. <u>Factual Basis for Guilty Plea</u>. To furnish a factual basis to support her guilty plea, the defendant admits that she agreed to and did sell to other members of the conspiracy the excipients needed to manufacture counterfeit drugs, such as Lipitor, Bextra, Zocor, Plavix, and Viagra. Defendant further admits that she referred other members of the conspiracy to her husband, Michael Milgrom, so her husband could supply the members of the conspiracy with the active ingredients needed to manufacture pharmaceutical drugs, and that her husband, Michael Milgrom, did, in fact, sell to members of the conspiracy the active ingredient used in Lipitor and other drugs. Defendant further admits that she agreed to and did help other members of the conspiracy obtain the punches, dies, and other tooling needed to manufacture counterfeit drugs such as Lipitor, Bextra, Zocor, Plavix, and Viagra. Defendant further admits that Pablo Fernandez was the person who recruited her to become involved in the conspiracy and that Pablo Fernandez, along with Julio Cesar Cruz and Domingo Gonzalez, had knowledge of and participated with her in the illegal conduct and acts described above.

3. <u>Factual Admissions</u>. The defendant further admits that the loss associated with the conspiracy to sell counterfeit, misbranded, and illegally imported drugs was in excess of $7,000,000.00 (Seven Million dollars) but less than $20,000,000.00 (Twenty Million dollars). Defendant knows, understands and agrees

that the admission in this paragraph can be used for the purpose of calculating her offense level and determining her sentence in this case. Further, the defendant consents to judicial fact-finding by a preponderance of the evidence as to all factual matters affecting determination of her sentence under the United States Sentencing Guidelines and waives any right she may have to a jury determination of all facts used to determine and potentially enhance the sentence imposed.

4. <u>Maximum Statutory Penalties</u>. Defendant understands that upon her plea of guilty to the charge of conspiracy to sell counterfeit and illegally imported drugs and defraud the United States, in violation of 18 U.S.C. § 371, the maximum penalty the Court may impose for that charge is imprisonment for a period of five (5) years, a fine of Two Hundred Fifty Thousand dollars ($250,000.00), or both.

Defendant further understands that, pursuant to 18 U.S.C. § 3013, she is subject to a mandatory special assessment of One Hundred dollars ($100.00), which is to be paid to the Crime Victim Fund, and which defendant agrees to pay in full at the time this Plea Agreement is presented to the court.

Defendant further understands that she may be subject to an order of restitution. Defendant understands and agrees that the United States may use the Federal Debt Collection Procedures Act and/or other federal remedies to enforce any restitution order that may be entered as part of her sentence.

5. <u>Guideline Sentencing Procedures</u>. Defendant understands and agrees to the following:

a. that the Court will use United States Sentencing Guidelines promulgated by the United States Sentencing Commission to inform and advise the Court's discretion in determining the defendant's sentence in this case;

b. that the Court will determine the defendant's applicable sentencing guideline range at the time of sentencing;

c. that the Court may impose a term of supervised release of up to three (3) years and that the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed;

d. that if the Court revokes supervised release, an additional period of imprisonment of up to three (3) years could be imposed, without credit for time previously spent on supervised release;

e. that the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable sentencing guidelines range;

f. that the Court may order restitution to be paid to victims of the offense;

g. that the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the sentencing guideline range offered by the parties or the United States Probation Office and the defendant may not withdraw her guilty plea solely because of the sentence imposed by the Court; and

h. that the guideline sentencing range determined to be applicable by the Court is merely advisory; the Court is not required to impose sentence within that range; and, the defendant may not withdraw her guilty plea solely because the Court does not sentence within the advisory guideline sentencing range.

6. <u>Government's Agreements</u>. The defendant understands that this Plea Agreement is only between the defendant and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority, except as specified herein. Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this Plea Agreement, agrees (1) not to bring any additional charges against defendant for any federal non-tax criminal offenses over which the Western District of Missouri has venue and that relate to the defendant's involvement with counterfeit and illegally imported drugs during the years 2002 and 2003; and (2) not to bring any forfeiture proceedings or non-tax criminal charges against either Farma International or the defendant's husband, Michael Milgrom. Based upon the facts and circumstances known to it at this time, the United States Attorney's Office for the Southern District of Florida, as part of this Plea Agreement, agrees (1) not to bring any charges against defendant for any federal non-tax criminal offenses over which the Southern District of Florida has venue and that relate to the defendant's involvement with counterfeit and illegally imported drugs during the years 2002 and 2003, as alleged in a criminal information to be filed

against the defendant in the Western District of Missouri in connection with this plea agreement; and (2) not to bring against either Farma International or the defendant's husband, Michael Milgrom, any forfeiture proceedings or non-tax criminal charges that are connected with counterfeit and illegally imported drugs during the years 2002 and 2003, as alleged in a criminal information to be filed against the defendant, Maria Eugenia Medina Milgrom in the Western District of Missouri in connection with this plea agreement

In this regard, defendant recognizes that the United States has agreed not to prosecute all of the criminal charges which the United States believes the evidence establishes were committed by the defendant solely because of the promises made by the defendant in this Plea Agreement. If defendant breaches this Plea Agreement, the United States retains the right to present to a Grand Jury for Indictment all of the criminal violations established by the evidence. Defendant expressly waives her right to challenge the initiation of the original or additional charges against her if she breaches this Agreement. Defendant expressly waives her right to assert a statute of limitations defense if the original or additional charges are initiated against her following a breach of this Plea Agreement. In addition, in the event of a breach of this agreement by the defendant, her previously entered pleas of guilty will remain in effect and cannot be withdrawn.

7. <u>Defendant's Agreements</u>. Defendant agrees to cooperate fully and truthfully with law enforcement agents investigating criminal activity in the Western

Medina Plea Agreement - Page 6 of 18

District of Missouri and elsewhere. That cooperation includes providing full, complete, and honest statements regarding her knowledge of such activity; actively cooperating in corroborating the information she provides; and testifying fully and truthfully if called as a witness before any Grand Jury, any trial, or any other related proceeding. In particular, the defendant agrees:

    a.    to provide truthful, complete, and accurate information and testimony in the trial of this matter or in any related hearing;

    b.    to provide all information concerning her knowledge of, and participation in, the offense charged in the Information, and any other crimes about which she has knowledge;

    c.    to submit to a polygraph examination if requested to do so by counsel for the United States;

    d.    she will not falsely implicate any person or entity and will not protect any person or entity through false or misleading information or omission;

    e.    to testify as a witness before any grand jury, hearing, or trial when requested to do so by the United States;

    f.    to hold herself reasonably available for any interviews the United States may require;

    g.    to provide to the United States all documents or other items under her control which may pertain to any criminal violation;

   h. to cooperate with any local, state, and federal law enforcement agency as requested by counsel for the United States;

   i. to continue her cooperation after the time she is sentenced if requested to do so by the United States.  Failure to continue to cooperate after sentence is imposed constitutes a basis to void this agreement by the United States;

   j. to fully and completely assist the United States in the forfeiture and recovery of forfeitable assets, either domestic or foreign, which have been acquired directly or indirectly through the unlawful activities of the defendant, her co-defendants, and her co-conspirators, to include, by way of illustration and not by way of limitation, the execution of a stipulation or any other necessary document in any related civil forfeiture action; and

   k. to fully and truthfully disclose the existence, nature, and location of all forfeitable assets in which she has acquired any interest.  The defendant acknowledges that the United States may institute civil or administrative forfeiture proceedings against all such assets and defendant will not contest any such forfeiture proceedings.

   Defendant further agrees that within sixty days following entry of her guilty plea she will surrender to the United States the sum of One Hundred Thousand dollars ($100,000.00), which sum represents proceeds from her criminal activities and which shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).  The parties agree that payment of said sum represents full

satisfaction of any forfeiture obligation owed to the United States by the defendant, and payment of said sum shall preclude any further forfeiture actions by the United States against the defendant.

8. <u>Defendant's Obligations</u>. Defendant understands that the United States will tolerate no deception from her. If, in the estimation of the United States, defendant's information or testimony proves to be untruthful or incomplete in any way, regardless of whether the untruthfulness helps or hurts the United States' case, defendant will have breached this Plea Agreement. In the event defendant breaches the Plea Agreement, the United States will no longer be bound by, and may withdraw from, the Plea Agreement and take defendant to trial on any charges of which the United States is aware. Defendant agrees that if the United States determines that she has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this Plea Agreement and her sentencing, or has otherwise violated any other provision of this Plea Agreement, or has violated the terms and conditions of her release while on bond as required by the Court, the United States will be relieved of its obligations under this Plea Agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn, and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, perjury, obstruction of justice, and any substantive offenses arising from this investigation. Such prosecution may be based upon any information provided by the

defendant during the course of her cooperation, or upon leads derived therefrom, and this information may be used as evidence against her. Further, any prosecution which is not barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against the defendant in accordance with this Plea Agreement, notwithstanding the expiration of the statute of limitations between the time of signing this agreement and the commencement of the prosecution. It is the specific intent of this Plea Agreement to waive any and all defenses based upon the statute of limitations with respect to any prosecution which is not barred by the statute of limitations on the date this Plea Agreement is signed by the defendant.

9. <u>Possibility of Substantial Assistance Motion</u>. The United States agrees to advise the Court in writing before imposition of judgment and sentence of the nature and extent of defendant's cooperation. The United States represents to the defendant that it will consider filing a motion for a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines if, in its sole judgment, the defendant has provided substantial assistance in the investigation and prosecution of other persons who have committed criminal offenses. Defendant expressly acknowledges, however, that there has been no assurance that such a motion will be filed. The United States reserves the right to make the sole determination as to whether and when the defendant has provided substantial assistance, and whether

to request a reduction generally, a specific sentence, or a specific sentence reduction.

10.     Judicial Action on a Substantial Assistance Motion.  Defendant further understands that the decision of whether to depart from the sentencing guideline range pursuant to Section 5K1.1, and to what extent, is a matter committed solely to the discretion of the Court.  If the Court determines not to depart downward, the defendant shall not be permitted to withdraw her guilty plea solely for that reason.  Defendant further understands that the Court may impose any sentence authorized by law and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States.

11.     Effect of Defendant's Disclosure of Unknown Crimes.  The United States Attorney's Office for the Western District of Missouri, as part of this Plea Agreement, further agrees not to bring any additional criminal charges against defendant for any previously unknown non-violent federal offenses for which it has venue which defendant reveals during the course of her cooperation, except as specifically authorized by Section 1B1.8 of the Sentencing Guidelines.  Defendant understands and agrees, however, that there shall be no such restrictions on the use of information she discloses if the information (1) was previously known to the United States; (2) revealed to the United States by, or discovered through, a source independent of the defendant; or (3) is used against the defendant in a prosecution

of her for perjury or giving a false statement. In the event of a breach of this Plea Agreement by defendant, she expressly waives her right to challenge the initiation of additional charges against her, and understands that the United States may use against her any information provided pursuant to the Plea Agreement. The defendant further understands that she remains subject to prosecution for any criminal violations that he fails to disclose prior to or during her cooperation.

12. <u>Preparation of Presentence Report</u>. The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

13. <u>Disclosure and Restraint of Assets Pending Sentencing</u>. Within ten (10) days from the execution of this Plea Agreement, and pending entry of judgment

against her in this prosecution (including any restitution, forfeiture, or fine obligations), defendant agrees to provide sworn financial disclosure statements ("Financial Statements") to the United States and understands the United States will rely on the accuracy and completeness of those Financial Statements. Defendant warrants that the Financial Statements will be thorough, accurate, and complete. Defendant further warrants that all assets which she owns or has any interest in will be disclosed in the Financial Statements, and that defendant will make no misrepresentations on, or in connection with, the Financial Statements. In the event the United States learns of asset(s) in which defendant had an interest at the time of this Plea Agreement which were not disclosed in the Financial Statements, or in the event the United States learns of a misrepresentation by defendant on, or in connection with, the Financial Statements, and in the event such nondisclosure or misrepresentation changes the estimated net worth of defendant set forth on the Financial Statements by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this Plea Agreement; or (2) let the Plea Agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of the assets of defendant previously undisclosed. Defendant further agrees not to contest any collection action undertaken by the United States pursuant to this provision. In the event the United States opts to be relieved of its obligations under this Plea Agreement, the

defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

14. <u>Change in Guidelines Prior to Sentencing</u>. Defendant agrees that if any applicable provision of the Guidelines changes after entry of this Plea Agreement, then any request by defendant to be sentenced pursuant to those changed Guidelines will relieve the United States of its obligations under this Plea Agreement. In such circumstance, the United States may charge, reinstate or otherwise pursue any and all criminal charges that could have been brought but for this Plea Agreement. In addition, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

15. <u>Waiver of Constitutional Rights</u>. Defendant, by pleading guilty, acknowledges that she has been advised of, understands, and knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to be presumed innocent until her guilt has been established beyond a reasonable doubt at trial;

    c. The right to a jury trial, and at that trial, the right to the assistance of counsel;

    d. The right to confront and cross-examine witnesses against her;

    e. The right to compel or subpoena witnesses to appear on her behalf; and

Medina Plea Agreement - Page 14 of 18

Case 4:05-cr-00298-ODS   Document 3   Filed 08/25/05   Page 14 of 18

f. The right to remain silent at trial, at which such silence could not be used against her.

16. <u>Waiver of Appellate and Post-Conviction Rights</u>. The defendant understands and agrees to the following:

a. The defendant acknowledges and agrees that by pleading guilty pursuant to this Plea Agreement she waives her right to appeal a finding of guilt following acceptance of this Plea Agreement. Defendant further acknowledges that if her guilty plea is accepted by the Court there will not be a trial of any kind.

b. The defendant agrees not to challenge on appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. The defendant understands and acknowledges that the Sentencing Guidelines will be used to guide and inform the Court's determination of her sentence. Defendant is aware that a sentence imposed under the Sentencing Guidelines does not provide for parole. The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum established for the offense of conviction and expressly waives the right to appeal her sentence, directly or collaterally, on any ground except for a sentence in excess of the statutory maximum. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal her sentence as authorized by 18 U.S.C. § 3742(a).

17. <u>Waiver of FOIA Request</u>.  The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. <u>Waiver of Claim for Attorney's Fees</u>.  The defendant waives all claims under the Hyde Amendment, 18 U.S.C. §3006A, for attorneys fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. <u>Defendant's Breach of Plea Agreement</u>.  If the defendant commits any crimes, violates any conditions of release that may be set, or violates any term of this Plea Agreement between the signing of this Plea Agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this Plea Agreement, the United States will be relieved of its obligations under this Plea Agreement.  In such circumstance, the United States may charge, reinstate or otherwise pursue any and all criminal charges that could have been brought but for this Plea Agreement.  In addition, the defendant's previously entered plea of guilty shall remain in effect and cannot be withdrawn.

20. <u>Defendant's Representations</u>. Defendant acknowledges that she has entered into this Plea Agreement freely and voluntarily, and with the advice and concurrence of counsel. She further acknowledges that no threats or promises, other than the promises contained in this Plea Agreement, have been made by the United States to induce her to enter her plea of guilty.

21. <u>No Undisclosed Terms</u>. The United States and defendant acknowledge that the above-stated terms and conditions constitute the entire Plea Agreement between the parties and deny the existence of any other terms and conditions not expressly stated herein.

DATED this 25th day of August 2005.

    *s/ Phillip Eugene Porter*
Phillip Eugene Porter
Senior Litigation Counsel
United States Attorney's Office
Western District of Missouri

    *s/ Phillip Eugene Porter for*
David Frank
Assistant United States Attorney
United States Attorney's Office
Southern District of Florida

I have consulted with my attorneys and fully understand all my rights with respect to the offense charged in the Information. Further, I have consulted with my attorneys and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this Plea Agreement and carefully reviewed every part of it with my attorneys. I understand this Plea Agreement and I voluntarily agree to it.

     *s/ Maria Eugenia Medina Milgrom*
Maria Eugenia Medina Milgrom
Defendant

I am defendant Maria Eugenia Medina Milgrom's attorney. I have fully explained to her her rights with respect to the offense charged in the Information. Further, I have reviewed with her the provisions of the Sentencing Guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with her. To my knowledge, Ms. Milgrom's decision to enter into this Plea Agreement is an informed and voluntary one.

     *s/ Jeffrey H. Fink*
Jeffrey H. Fink
Attorney for Defendant

     *s/ Ken Hall*
Ken Hall
Local Counsel for Defendant